IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BERNARD L. GREER,**

    **Plaintiff,**

**v.**          //    CIVIL ACTION NO. 1:16CV142
                                  (Judge Keeley)

**STATE OF WEST VIRGINIA,**

    **Defendant.**

### ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 47] AND DISMISSING CASE WITH PREJUDICE

On June 28, 2016, the *pro se* plaintiff, Bernard L. Greer ("Greer"), a convicted felon, filed a class action complaint against the State of West Virginia ("State") on behalf of himself and all others similarly situated (dkt. no. 1). Greer's complaint alleges that West Virginia Code § 61-7-7(a)(1), prohibiting convicted felons from owning antique firearms, is unconstitutional and in conflict with federal felon dispossession laws, which carve out an antique firearm exemption. The complaint asserts four causes of action, including: (1) violation of the Supremacy Clause; (2) violation of the Second and Fourteenth Amendments; (3) violation of the Ninth Amendment right to subsistence hunting; and (4) violation of the Commerce, Privileges and Immunities, and Equal Protection Clauses of the United States Constitution.

Pursuant to Title 28, United States Code §§ 636(b)(1)(A) and 636(b)(1)(B) and L.R. Civ. P. 7.02(c) and 72.01(d)(6), the Court referred this case to the Honorable Michael J. Aloi, United States

**ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 47] AND DISMISSING CASE WITH PREJUDICE**

Magistrate Judge, to conduct a scheduling conference and issue a scheduling order, for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise (dkt. no. 3).

On September 12, 2016, the defendant State moved to dismiss Greer's complaint, arguing that cases decided by both the Fourth Circuit Court of Appeals and the Supreme Court of the United States foreclose Greer's claims. On July 20, 2017, Magistrate Judge Aloi entered a Report and Recommendation ("R&R"), recommending that the Court grant the motion and dismiss Greer's complaint with prejudice for failure to state a claim (dkt. no. 47). Specifically, the R&R concluded that the Supremacy Clause of the United States Constitution was not implicated because there was no preemption issue and West Virginia Code § 61-7-7(a)(1) could easily co-exist with the federal statute. Id. at 7-9. The R&R next concluded that, because Greer was a convicted felon, he had no right under the Second Amendment to bear arms — antique or otherwise; thus, his Second and Fourteenth Amendment claims failed as a matter of law. Id. at 9-17. As to his third claim, relying on several circuit court decisions, the R&R concluded that felon dispossession laws do not violate the Ninth Amendment. Id. at 17-18. Finally, the R&R

**ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 47] AND DISMISSING CASE WITH PREJUDICE**

concluded that West Virginia Code § 61-7-7(a)(1), cited by Greer, did not violate the Commerce, Privileges and Immunities, or Equal Protection Clauses of the United States Constitution, as these clauses were wholly inapplicable in this case. Id. at 18.

The R&R also specifically warned Greer that he had fourteen days in which to file any written objections, and that his failure to object to the recommendation would result in the waiver of any appellate rights he might otherwise have on the issue. Id. at 19. Greer filed timely objections to the R&R on August 4, 2017 (dkt. no. 49), and the State responded to the objections on August 17, 2017 (dkt. no. 52).

**STANDARD OF REVIEW**

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions of the R&R to which an objection is timely made. See 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In such cases, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the [parties] do[] not object."

Dellaciprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Further, courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

A failure to file specific objections waives appellate review of both factual and legal questions. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991). Finally, objections that reiterate the same arguments already presented and fully addressed in the R&R "lack the specificity required by Rule 72 and have the same effect as a failure to object." Phillips v. Astrue, 2011 WL 5086851, at *2 (W.D.Va. Oct. 25, 2011 ) (citing Veney v. Astrue, 539 F.Supp.2d 841, 845 (W.D.Va. 2008)).

**DISCUSSION**

Greer's objections mainly reiterate arguments previously raised in his complaint, all of which were thoroughly analyzed by Magistrate Judge Aloi. The thrust of these objections is that federal law allows convicted felons to possess antique firearms and therefore preempts the West Virginia Code. This argument was

4

addressed in the R&R (dkt. no. 47 at 7-9 and 9-17). Therefore, because most of Greer's objections simply reiterate his earlier arguments, the conclusions of the R&R pertaining to those objections are subject only to clear error review.[1] Phillips, 2011 WL 5086851, at *2. Finding no clear error, the Court **ADOPTS** the recommendation of R&R as to these arguments.

Greer does raise two new issues in his objections, but they are without merit. First, Greer argues that Magistrate Judge Aloi improperly relied on Pohlabel v. State, 268 P.3d 1264 (Nev. 2012), which is not a West Virginia case and also is distinguishable. The R&R's reference to Pohlabel was simply to cite it as persuasive authority in support of Magistrate Judge Aloi's recommendation. Ultimately, what Magistrate Judge Aloi relied on was the statutory language of West Virginia Code § 61-7-7(a)(1), which he concluded could co-exist with federal law, and that Greer therefore had no Second Amendment right to bear arms. The objection to a supporting

---

[1] It should be noted that, on August 22, 2017, Greer also filed a last minute reply to the State's response to his objections (dkt. no. 56). The brief reply simply disputes the State's conclusions and reiterates his claim that, because it could not establish any antique gun violence in West Virginia, the state law is unconstitutional. Greer's opinion, however, was previously raised in his complaint and in his objections, and the reply therefore adds nothing and does not alter the Court's analysis.

**GREER V. STATE OF WEST VIRGINIA**                              1:16CV142

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 47] AND DISMISSING CASE WITH PREJUDICE**

case from another jurisdiction therefore does not bear materially on the outcome of the R&R.

Next, Greer objects to Magistrate Judge Aloi's reference to evidence offered at his felony trial as a basis to dismiss his Second Amendment claim. Inasmuch as Greer does not dispute the fact that he is a convicted felon, a finding that is the basis for the conclusion in the R&R, any evidence adduced at the trial which resulted in his conviction is not material to the outcome here.

## CONCLUSION

For the reasons discussed, the Court **OVERRULES** Greer's objections (dkt. no. 49), **ADOPTS** the R&R in its entirety (dkt. no. 47), **GRANTS** the State's motion (dkt. no. 17), and **DISMISSES** this case **WITH PREJUDICE.** The Court **DIRECTS** the Clerk to enter a separate judgment order and to remove this case from the Court's active docket.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to <u>pro se</u> plaintiff and counsel of record.

DATED: August 23, 2017.

					/s/ Irene M. Keeley
					IRENE M. KEELEY
					UNITED STATES DISTRICT JUDGE